

**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*

FILED ___ ENTERED
____ LOGGED _____ RECEIVED

4:01 pm, Oct 19 2023
AT BALTIMORE
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ Deputy

---

*P. Michael Cunningham*
*Assistant United States Attorney*
*michael.cunningham@usdoj.gov*

*Suite 400:*
*36 S. Charles Street, 4th Floor*
*Baltimore, MD 21201*

*Direct: 410-209-4884*
*Main: 410-209-4800*
*Fax: 410-962-3091*

October 19, 2023

Via email:
ruterlaw@verizon.net

Gerald C. Ruter
Law Offices of Gerald C. Ruter, P.C.
9411 Philadelphia Road, Suite O
Baltimore, Maryland  21237

    Re:    <u>United States v. Larry Allen Vickers</u>
           <u>Criminal No.   23-cr-0257-002-JRR</u>

Dear Mr. Ruter:

      This letter, together with the Sealed Supplement, constitutes the plea agreement (this "Agreement") that has been offered to your client, Larry Allen Vickers, (hereinafter "Defendant" or "Vickers"), by the United States Attorney's Office for the District of Maryland, the Money Laundering and Asset Recovery Section of the U.S. Department of Justice's Criminal Division, and the Counterintelligence and Export Control Section of the U.S. Department of Justice's National Security Division (collectively, "the Offices"). If the Defendant accepts this offer, please have the Defendant execute it in the spaces provided below.  If this offer has not been accepted by August 21, 2023, it will be deemed withdrawn.  The terms of the Agreement are as follows:

<u>Offenses of Conviction</u>

      1.    The Defendant agrees to waive indictment and plead guilty to Count One of the Superseding Information which will charge him with Conspiracy, in violation of 18 U.S.C. § 371.[1] The Defendant also agrees to waive indictment and <u>venue</u> and plead guilty to Count Two of the Superseding Information which will charge him with Conspiracy to Violate the International Emergency Economic Powers Act ("IEEPA"), in violation of 50 U.S.C. § 1705(a) and (c) and the Ukraine-/Russia-related Sanctions Regulations, 31 CFR §§ 589.201 and 589.213, and Executive Orders 13660, 13661, and 13662.  The Defendant admits that he is, in fact, guilty of those offenses and will so advise the Court.

---

[1] Count One of the Superseding Information will be substantially like Count One of the currently pending Indictment charging Vickers and four (4) other defendants with conspiracy and other crimes.

Rev. August 2018

## Elements of the Offenses

2.  The elements of the offenses to which the Defendant has agreed to plead guilty, and which the Offices would prove if the case went to trial, are as follows: That on or about the times alleged in the Superseding Information, in the District of Maryland <u>and elsewhere</u>:

### Conspiracy

a.  First, that two or more persons entered the unlawful agreement;

b.  Second, that the defendant knowingly and willfully became a member of the conspiracy;

c.  Third, that one of the members of the conspiracy knowingly committed at least one of the overt acts charged in the Superseding Information; and

d.  Fourth, that one or more overt acts were committed to further some objective of the conspiracy.

### IEEPA Conspiracy

e.  First, that two or more persons entered the unlawful agreement with the following objectives:

(i)  the making of any contribution or provision of funds, goods, or services from the United States or by a U.S. person to, or for the benefit directly or indirectly of a Specially Designated National ("SDN");

(ii)  the receipt by a U.S. person of any contribution or provision of funds, goods, or services directly or indirectly from an SDN; and/or

(iii)  conducting or causing any transaction by a U.S. person for the purpose of evading or avoiding the requirements of U.S. law with respect to the provision or receipt of funds, goods, or services to, from, or for the benefit of an SDN;

f.  Second, that the defendant knowingly and willfully became a member of that conspiracy, with knowledge of at least one of its unlawful objectives; and

g.  Third, the absence of a license from the U.S. Department of the Treasury's Office of Foreign Assets Control.

### Penalties

3.  The maximum penalties provided by statute for the offense to which the Defendant is pleading guilty are as follows:

Rev. August 2018

| Count | Statute | Minimum Prison | Maximum Prison | Supervised Release | Maximum Fine | Special Assessment |
|---|---|---|---|---|---|---|
| 1 | 18 U.S.C. § 371 | NA | 5 yrs | 3 yrs | $250,000 | $100 |
| 2 | 50 U.S.C. §§ 1705(a) and (c) | NA | 20 yrs | 5 yrs | $1,000,000 | $100 |

    a. Prison: If the Court orders a term of imprisonment, the Bureau of Prisons has sole discretion to designate the institution at which it will be served.

    b. Supervised Release: If the Court orders a term of supervised release, and the Defendant violates the conditions of supervised release, the Court may order the Defendant returned to custody to serve a term of imprisonment as permitted by statute, followed by an additional term of supervised release.

    c. Restitution: The Court may order the Defendant to pay restitution pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664.

    d. Payment: If a fine or restitution is imposed, it shall be payable immediately, unless the Court orders otherwise under 18 U.S.C. § 3572(d). The Defendant may be required to pay interest if the fine is not paid when due.

    e. Forfeiture: The Court may enter an order of forfeiture of assets directly traceable to the offense, substitute assets, and/or a money judgment equal to the value of the property subject to forfeiture.

    f. Collection of Debts: If the Court imposes a fine or restitution, the Offices' Financial Litigation Unit will be responsible for collecting the debt. If the Court establishes a schedule of payments, the Defendant agrees that: (1) the full amount of the fine or restitution is nonetheless due and owing immediately; (2) the schedule of payments is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment; and (3) the United States may fully employ all powers to collect on the total amount of the debt as provided by law. Until the debt is paid, the Defendant agrees to disclose all assets in which the Defendant has any interest or over which the Defendant exercises direct or indirect control. Until the money judgment is satisfied, the Defendant authorizes the Government to obtain a credit report in order to evaluate the Defendant's ability to pay, and to request and review the Defendant's federal and state income tax returns. The Defendant agrees to complete and sign a copy of IRS Form 8821 (relating to the voluntary disclosure of federal tax return information) and a financial statement in a form provided by the Government.

Waiver of Rights

4. The Defendant understands that by entering into this Agreement, the Defendant surrenders certain rights as outlined below:

a. The Defendant would have the right to have Count Two of the Superseding Information presented to a Grand Jury in the Southern District of Florida for the return of an Indictment charging that offense in that District.

b. If the Defendant had pled not guilty and persisted in that plea, the Defendant would have had the right to a speedy jury trial with the close assistance of competent counsel. That trial could be conducted by a judge, without a jury, if the Defendant, the Government, and the Court all agreed.

c. If the Defendant elected a jury trial, the jury would be composed of twelve individuals selected from the community. Counsel and the Defendant would have the opportunity to challenge prospective jurors who demonstrated bias or who were otherwise unqualified, and would have the opportunity to strike a certain number of jurors peremptorily. All twelve jurors would have to agree unanimously before the Defendant could be found guilty of any count. The jury would be instructed that the Defendant was presumed to be innocent, and that presumption could be overcome only by proof beyond a reasonable doubt.

d. If the Defendant went to trial, the Government would have the burden of proving the Defendant guilty beyond a reasonable doubt. The Defendant would have the right to confront and cross-examine the Government's witnesses. The Defendant would not have to present any defense witnesses or evidence whatsoever. If the Defendant wanted to call witnesses in defense, however, the Defendant would have the subpoena power of the Court to compel the witnesses to attend.

e. The Defendant would have the right to testify in his own defense if he so chose, and he would have the right to refuse to testify. If the Defendant chose not to testify, the Court could instruct the jury that they could not draw any adverse inference from the Defendant's decision not to testify.

f. If the Defendant were found guilty after a trial, he would have the right to appeal the verdict and the Court's pretrial and trial decisions on the admissibility of evidence to see if any errors were committed which would require a new trial or dismissal of the charges. By pleading guilty, the Defendant knowingly gives up the right to appeal the verdict and the Court's decisions.

g. By pleading guilty, the Defendant will be giving up all of these rights, except the right, under the limited circumstances set forth in the "Waiver of Appeal" paragraph below, to appeal the sentence. By pleading guilty, the Defendant understands that he may have to answer the Court's questions both about the rights being given up and about the facts of the case.

Rev. August 2018

Any statements that the Defendant makes during such a hearing would not be admissible against the Defendant during a trial, except in a criminal proceeding for perjury or false statement.

        h.      If the Court accepts the Defendant's plea of guilty, the Defendant will be giving up the right to file and have the Court rule on pretrial motions, and there will be no further trial or proceeding of any kind in the above-referenced criminal case, and the Court will find the Defendant guilty.

        i.      By pleading guilty, the Defendant will also be giving up certain valuable civil rights. ***Specifically, the Defendant will be giving up the right to possess firearms unless that right is restored to him at some time in the future.*** The Defendant nevertheless affirms that the Defendant wants to plead guilty regardless of any potential consequences.

### Advisory Sentencing Guidelines Apply

        5.      The Defendant understands that the Court will determine a sentencing guidelines range for this case (henceforth the "advisory guidelines range") pursuant to the Sentencing Reform Act of 1984 at 18 U.S.C. § 3551-3742 (excepting 18 U.S.C. § 3553(b)(1) and 3742(e)) and 28 U.S.C. §§ 991 through 998. The Defendant further understands that the Court will impose a sentence pursuant to the Sentencing Reform Act, as excised, and must take into account the advisory guidelines range in establishing a reasonable sentence.

### Factual and Advisory Guidelines Stipulation

        6.      The Government and the Defendant stipulate and agree to the Statement of Facts set forth in Attachment A, which is incorporated by reference herein.

        a.      The Government and the Defendant further agree that the applicable base offense level for Count One of the Superseding Information is 18, pursuant to United States Sentencing Guidelines ("USSG") §§ 2X1.1(a) and (b), 2K2.1(a)(5).

        b.      Pursuant to USSG § 2K2.1(b)(1)(C), there is a six (6) level increase the offenses involved more than 25 and less than 100 firearms. The resulting offense level for Count One is 24.

        c.      The Government and the Defendant agree that the applicable base offense level for Count Two of the Superseding Information is 26 pursuant to § 2M5.1(a).

        d.      The Government and the Defendant agree that the counts do not group in accordance with § 3D1.2. In accordance with § 3D1.4, the offense level is increased by 2, resulting in offense level 28.

        e.      The Government does not oppose a **2**-level reduction in the Defendant's adjusted offense level pursuant to USSG § 3E1.1(a) based upon the Defendant's apparent prompt recognition and affirmative acceptance of personal responsibility for the Defendant's criminal

Rev. August 2018

conduct. The Offices agree to make a motion pursuant to U.S.S.G. § 3E1.1(b) for an additional 1-level decrease in recognition of the Defendant's timely notification of the Defendant's intention to enter a plea of guilty. The Offices may oppose any adjustment for acceptance of responsibility under U.S.S.G. § 3E1.1(a), and may decline to make a motion pursuant to U.S.S.G. § 3E1.1(b), if the Defendant: (i) fails to admit each and every item in the factual stipulation; (ii) denies involvement in the offense; (iii) gives conflicting statements about the Defendant's involvement in the offense; (iv) is untruthful with the Court, the Offices, or the United States Probation Office; (v) obstructs or attempts to obstruct justice prior to sentencing; (vi) engages in any criminal conduct between the date of this Agreement and the date of sentencing; (vii) attempts to withdraw the plea of guilty; or (viii) violates this Agreement in any way.

      f.      The adjusted offense level is 25 before the operation of any other guideline calculation provisions.

      7.      There is no agreement as to the Defendant's criminal history and the Defendant understands that the Defendant's criminal history could alter the Defendant's offense level. Specifically, the Defendant understands that the Defendant's criminal history could alter the final offense level if the Defendant is determined to be a career offender or if the instant offense was a part of a pattern of criminal conduct from which the Defendant derived a substantial portion of the Defendant's income.

      8.      This case is governed by the Sentencing Reform Act, as modified by *United States v. Booker*, 543 U.S. 220 (2005). The defendant has discussed with his counsel the advisory Sentencing Guidelines and their applicability and understands and acknowledges that a final determination of the applicable guidelines range cannot be made until the completion of the presentence investigation.

      9.      Other than as set forth above, no other offense characteristics, sentencing guidelines factors, potential departures or adjustments set forth in the United States Sentencing Guidelines are in dispute or will be raised in calculating the advisory guidelines range.

<u>Obligations of the Parties</u>

      10.      At the time of sentencing, the Offices and the Defendant reserve the right to advocate for a reasonable sentence that may be within or below the applicable guideline range (this Office agrees to recommend a reasonable sentence not greater than the applicable guideline range), period of supervised release, fine and/or restitution, considering any appropriate factors in 18 U.S.C. § 3553(a).

<u>Waiver of Appeal</u>

      11.      In exchange for the concessions made by the Government and the Defendant in this Agreement, the Government and the Defendant waive their rights to appeal as follows:

Rev. August 2018

a. The Defendant knowingly waives all right, pursuant to 28 U.S.C. § 1291 or any other statute or constitutional provision, to appeal the Defendant's conviction on any ground whatsoever, except for appeals based on claims of ineffective assistance of counsel or prosecutorial misconduct. This includes a waiver of all right to appeal the Defendant's conviction on the ground that the statute(s) to which the Defendant is pleading guilty is unconstitutional, or on the ground that the admitted conduct does not fall within the scope of the statute(s), to the extent that such challenges legally can be waived.

b. The Defendant and the Government knowingly and expressly waive all rights conferred by 18 U.S.C. § 3742 to appeal whatever sentence is imposed (including any term of imprisonment, fine, term of supervised release, or order of restitution) for any reason (including the establishment of the advisory sentencing guidelines range, the determination of the Defendant's criminal history, the weighing of the sentencing factors, and any constitutional challenges to the calculation and imposition of any term of imprisonment, fine, order of forfeiture, order of restitution, and term or condition of supervised release), **except** as follows: the Defendant reserves the right to appeal any sentence that exceeds the statutory maximum.

c. The Defendant waives any and all rights under the Freedom of Information Act relating to the investigation and prosecution of the above-captioned matter and agrees not to file any request for documents from the Government or any investigating agency.

## Forfeiture

12. The Defendant understands that the Court may enter an Order of Forfeiture as part of the Defendant's sentence, and that the Order of Forfeiture may include assets directly traceable to the offense(s), substitute assets, and/or a money judgment equal to the value of the property derived from, or otherwise involved in, the offenses.

13. Specifically, but without limitation on the Government's right to forfeit all property subject to forfeiture as permitted by law, the Defendant agrees to forfeit to the United States all of the Defendant's right, title, and interest in the following items that the Defendant agrees constitute money, property, and/or assets derived from or obtained by the Defendant as a result of, or used to facilitate the commission of, the Defendant's illegal activities: a money judgment in the amount of $48,300.00.

14. The Defendant agrees to consent to the entry of orders of forfeiture for the property described herein and waives the requirements of Federal Rules of Criminal Procedure 11(b)(1)(J), 32.2, and 43(a) regarding notice of the forfeiture in the charging instrument, advice regarding forfeiture during the change of plea hearing, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.

15. The Defendant agrees to assist fully in the forfeiture of the above property. The Defendant agrees to disclose all assets and sources of income, to consent to all requests for access to information related to assets and income, and to take all steps necessary to pass clear title to the forfeited assets to the United States, including executing all documents necessary to transfer such

title, assisting in bringing any assets located outside of the United States within the jurisdiction of the United States, and taking whatever steps are necessary to ensure that assets subject to forfeiture are made available for forfeiture.

16. The Defendant waives all challenges to any forfeiture carried out in accordance with this Agreement on any grounds, including any and all constitutional, legal, equitable, statutory, or administrative grounds brought by any means, including through direct appeal, habeas corpus petition, or civil complaint. The Defendant will not challenge or seek review of any civil or administrative forfeiture of any property subject to forfeiture under this Agreement, and will not assist any third party with any challenge or review or any petition for remission of forfeiture.

<u>Defendant's Conduct Prior to Sentencing and Breach</u>

17. Between now and the date of the sentencing, the Defendant will not engage in conduct that constitutes obstruction of justice under U.S.S.G. § 3C1.1; will not violate any federal, state, or local law; will acknowledge guilt to the probation officer and the Court; will be truthful in any statement to the Court, the Government, law enforcement agents, and probation officers; will cooperate in the preparation of the presentence report; and will not move to withdraw from the plea of guilty or from this Agreement.

18. If the Defendant engages in conduct prior to sentencing that violates the above paragraph of this Agreement, and the Court finds a violation by a preponderance of the evidence, then: (i) the Government will be free from its obligations under this Agreement; (ii) the Government may make sentencing arguments and recommendations different from those set out in this Agreement, even if the Agreement was reached pursuant to Rule 11(c)(1)(C); and (iii) in any criminal or civil proceeding, the Government will be free to use against the Defendant all statements made by the Defendant and any of the information or materials provided by the Defendant, including statements, information, and materials provided pursuant to this Agreement, and statements made during proceedings before the Court pursuant to Rule 11 of the Federal Rules of Criminal Procedure. A determination that the Government is released from its obligations under this Agreement will not permit the Defendant to withdraw the guilty plea. The Defendant acknowledges that the Defendant may not withdraw the Defendant's guilty plea if the Court finds that the Defendant breached the Agreement.

<u>Court Not a Party</u>

19. The Court is not a party to this Agreement. The sentence to be imposed is within the sole discretion of the Court. The Court is not bound by the Sentencing Guidelines stipulation in this Agreement. The Court will determine the facts relevant to sentencing. The Court is not required to accept any recommendation or stipulation of the parties. The Court has the power to impose a sentence up to the maximum penalty allowed by law. If the Court makes sentencing findings different from those stipulated in this Agreement, or if the Court imposes any sentence up to the maximum allowed by statute, the Defendant will remain bound to fulfill all of the obligations under this Agreement. Neither the prosecutor, defense counsel, nor the Court can make a binding

Rev. August 2018

prediction, promise, or representation as to what guidelines range or sentence the Defendant will receive. The Defendant agrees that no one has made such a binding prediction or promise.

### Entire Agreement

20. This letter, together with the Sealed Supplement, constitutes the complete plea agreement in this case. This letter, together with the Sealed Supplement, supersedes any prior understandings, promises, or conditions between the Government and the Defendant. There are no other agreements, promises, undertakings, or understandings between the Defendant and the Government other than those set forth in this letter and the Sealed Supplement. No changes to this Agreement will be effective unless in writing, signed by all parties and approved by the Court.

If the Defendant fully accepts each and every term and condition of this Agreement, please sign and have the Defendant sign the original and return it to me promptly.

Very truly yours,

Erek L. Barron
United States Attorney

By: *[signature]*
P. Michael Cunningham
Assistant United States Attorney

Jennifer Kennedy Gellie
Acting Chief, Counterintelligence and
 Export Control Section
National Security Division
U.S. Department of Justice

By: *[signature]*
Menno Goedman
Trial Attorney

Margaret Moeser
Acting Chief, Money Laundering and Asset
 Recovery Section
Criminal Division
U.S. Department of Justice

By: *[signature]*
Sean O'Dowd
Trial Attorney

Rev. August 2018

I have read this Agreement, including the Sealed Supplement, and carefully reviewed every part of it with my attorney. I understand it and I voluntarily agree to it. Specifically, I have reviewed the Factual and Advisory Guidelines Stipulation with my attorney, and I do not wish to change any part of it. I am completely satisfied with the representation of my attorney.

_10-19-23_  
Date

_/s/_  
Larry Allen Vickers

I am the Defendant's attorney. I have carefully reviewed every part of this Agreement, including the Sealed Supplement with the Defendant. The Defendant advises me that the Defendant understands and accepts its terms. To my knowledge, the Defendant's decision to enter into this Agreement is an informed and voluntary one.

_10.19.23_  
Date

_Gerald C. Ruter_  
Gerald C. Ruter, Esq.